## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUSTIN MIDDENDORF,            )
)
       **Plaintiff,**         )
)
**vs.**                     )         Case No. 17−cv–0911−JPG
)
PHILLIP MCLAURN        )
)
       **Defendants.**     )
)

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Dustin Middendorf, an inmate in Sheridan Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages. This case is now before the Court for a preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-

27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff originally brought the claims present in this action in Case No. 17-538, filed on May 22, 2017. The Court severed the case on August 25, 2017. (Doc. 1). As relevant to the claims present in this action, Plaintiff alleges that he has been served low quality and unsanitary food of inadequate nutritional value provided by Aramark. (Doc. 2, p. 9). Plaintiff was never served fruit. *Id.* McLaurn approved of the diet. *Id.*

## Discussion

The Court's prior order served Count 5 into this case, which it described as follows:

**Count 5** – Superintendent McLaurin approved of the nutritionally inadequate diet Aramark offered inmates at the Jail in 2016-17 in violation of Plaintiff's constitutional rights.

Although Plaintiff is presently incarcerated in the Illinois Department of Corrections, his Complaint indicates that he was a pre-trial detainee at the time of the relevant events. (Doc. 2, p. 8). While the Eighth Amendment prohibits cruel and unusual punishment meted out against those convicted of crimes, the Due Process Clause of the Fourteenth Amendment prohibits *any* punishment against a pretrial detainee. *Smith v. Dart*, 803 F.3d 304, 309 (7th Cir. 2015); *Antonelli v. Sheahan*, 81 F.3d 1422, 1427 (7th Cir. 19960 (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979)). A condition of confinement imposed on a pre-trial detainee satisfies the

Constitution when it is reasonably related to a legitimate and non-punitive governmental goal. *Antonelli*, 81 F.3d. at 1427-28. However, there is little practicable difference between the Eighth and Fourteenth Amendment standards, and it is not err to apply the standards interchangeably. *Smith*, 803 F.3d at 310.

As to Plaintiff's **Count 5**, correctional officials are obligated to provide "nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well-being of the inmates who consume it." *French v. Owens,* 777 F.2d 1250, 1255 (7th Cir. 1985), *cert. denied,* 479 U.S. 817, (1986) (quoting *Ramos v. Lamm,* 639 F.2d 559, 571 (10th Cir. 1980), *cert. denied,* 450 U.S. 1041 (1981)). Nutritionally adequate diets are necessary to combat illness and maintain health. *Antonelli*, 81 F.3d at 1432.

Here, although Plaintiff's allegations are spare, he has alleged that he was served a nutritionally inadequate diet without fruit, and that the food served was otherwise "unsanitary." This is nearly identical to the allegations discussed in *Antonelli*, and as such the Court finds that Plaintiff has adequately stated a claim. *See also Smith*, 803 F.3d at 312 ("[Plaintiff alleges] that his '[f]ood is well below nutritional value.' At the motion to dismiss stage, these six words make all the difference under our precedent. . . .The claim . . . should not have been dismissed."). **Count 5** will be permitted to proceed against McLaurn.

## Disposition

**IT IS HEREBY ORDERED** that **Count 5** survives against Defendant McLaurn.

The Clerk of Court shall prepare for Defendant **McLaurn**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If

Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay

in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 20, 2017**

*s/J. Phil Gilbert*
**U.S. District Judge**